UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH ASHFORD, | : | CIVIL ACTION NO. 3:CV-15-2166 |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| THOMAS H. KELLY, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

## I. Background

Plaintiff, Kenneth Ashford, an inmate currently confined in the State

Correctional Institution, Graterford, Pennsylvania ("SCI–Graterford"), originally

filed the above captioned action in the United States District Court for the Eastern

District of Pennsylvania. (Doc. 1). By Order dated November 9, 2015, Plaintiff

was permitted to proceed *in forma pauperis* and his action was transferred to the

United States District Court for the Middle District of Pennsylvania, (Doc. 4,

Order) where it was received and filed on November 12, 2015. (Doc. 6).

Plaintiff states that he was "sentenced to (3) to (6) years for attempted

burglary and (1½) to (3) years for criminal trespass, and (1) to (2) years for

possession of instrument of crime" and "all sentences running consecutive, giving

Plaintiff a sentence of (5½) to (11) years." (Doc. 5, complaint at 4).  Plaintiff claims that "all sentences should have been run concurrent, under 18 Pa. C.S.A. §906; <u>Com v. Jackson</u>, Pa. Super, 421 A.2d 845 (1980); <u>Comm v. Turner</u> at 830, and <u>Com v. Jones</u>, No. 2 EAP 2005," and that "the greatest sentence was (3) to (6) years, which expired March 17, 2014." <u>Id</u>.  Thus, Plaintiff concludes that he is "over his max date". <u>Id</u>.  For relief, he requests that "his liberty be restored and awarded damages of minimum wages from expiration date of March 17, 2014 and compensation of five million dollars for the suffering and malic and negligence and mental anguish." <u>Id</u>.

The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915A(a).  For the reasons that follow, the complaint will be dismissed, *sua sponte*, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), and § 1915A(a), the Court must "screen" the complaint to determine whether it is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant immune from such relief. If "at any time," the court

2

determines that the action meets any of those criteria, the court "shall dismiss the case...." Id.

Moreover, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n. 2 (3d Cir.1997) (describing section 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir.2000).

A court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir.2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).

3

Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).   The Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, Plaintiff's complaint will be dismissed for failure to state a claim.

Plaintiff is challenging the duration of his confinement, and such a challenge must proceed in habeas corpus.  Williams v. Cosovoy, 453 F.3d 173, 177 (3d Cir.2006).  In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court clarified the interplay between habeas corpus and civil rights claims. The Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87 (footnote omitted).

4

Heck has been extended to requests for declaratory and injunctive relief. See Edwards v. Balisok, 520 U.S. 641 (1997) (Heck bars a section 1983 action seeking damages and declaratory relief which challenges a prison disciplinary hearing forfeiting good-time credits). As the Court explained in Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (emphasis in original): "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—**if** success in that action would necessarily demonstrate the invalidity of the confinement or its duration." As the Third Circuit has summarized the holding of Heck: "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Williams, 453 F.3d at 177.

Heck' s favorable-termination rule applies here because Plaintiff's complaint calls into question the calculation of his sentence and, in turn, the correct duration of his confinement. See, e.g., Benson v. New Jersey State Parole Board, 947 F.Supp. 827, 833 (D.N.J.1996) (Heck bars a section 1983 claim

5

seeking declaratory relief and punitive damages premised on the denial of a timely parole hearing and the allegedly erroneous calculation of a parole eligibility date until the plaintiff succeeds in a state appellate court or federal habeas proceeding). The favorable-termination rule applies to the Eighth Amendment claims under Sample v. Diecks, 885 F.2d 1099 (3d Cir.1989), which bars such claims until the plaintiff's purported confinement beyond his maximum sentence "has been invalidated by state authorities, the state court or by issuance of a writ of habeas corpus." Owens v. Ortiz, No. 05–2351, 2005 WL 1199066, at *3 (D.N.J. May 19, 2005); see also Mosch v. Brown, No. 06–4067, 2006 WL 2711637, at *3–4 (D.N.J. Sept.20, 2006) (damages claims for confinement in excess of plaintiff's maximum term not cognizable under Heck when plaintiff failed to aver that the confinement had been deemed excessive by a state court or by a successful habeas petition); Romano v. Taylor, No. 06–573, 2006 WL 2993231, at *2 (D.N.J. Oct. 20, 20056) (claim that plaintiff's housing level has illegally extended his term of confinement not cognizable under section 1983 until a state tribunal or a federal habeas court has declared the confinement illegal, noting Sample). Under this well-settled law, Plaintiff's complaint fails to state a claim and therefore will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir.2002). Because there has been no prior challenge to Plaintiff's alleged excessive confinement, we conclude that amendment would be futile.  As such, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted, and the case will be closed. A separate Order will be issued.

Dated: November 16, 2015                /s/ William J. Nealon
                                        **United States District Judge**